MORRIS E. HAUSEMAN and SALLIE R. HAUSEMAN, complainants,

*v.*

SAMPSON W. JOHNSTON and ELEANOR F. JOHNSTON et al., defendants.

[Decided April 18th, 1932.]

*Mr. William Charlton,* for the complainants.

*Mr. T. Phillips Brown,* for the defendants Sampson W. Johnston and Eleanor F. Johnston.

*Messrs. Cole & Cole,* for the defendant Emma L. Anger.

*Messrs. Riker & Riker,* for the petitioner, Lloyds Casualty Company.

INGERSOLL, V. C.

On the 10th day of October, 1930, Morris E. Hauseman and Sallie R. Hauseman filed a bill alleging that Sampson W. Johnston and Eleanor F. Johnston foreclosed a mortgage made by the complainants in the sum of $6,000; that a final decree was entered on June 6th, 1930, in said. foreclosure proceedings for $6,195 and that the said premises were sold by the sheriff of the county of Cape May on the 25th day of August, 1930, for the sum of $100, which sale was duly confirmed. On the 26th day of August, 1930, judgment was entered against these complainants in the sum of $6,478.21, debt, and $10 costs of suit, being the deficiency upon said bond.

The complainants allege that they are ready, willing and able to pay the full amount for which said decree was granted, with interest, &c., together with all reasonable expenses, &c., in order to satisfy and discharge the full amount due upon said bond to redeem the said premises, and praying that they may be decreed to be entitled to redeem the said premises and that the defendants may be compelled to convey the said

premises to the complainants and to satisfy of record the said judgment entered thereon in the supreme court.

On the 14th day of November, 1930, an amended bill was filed, the only amendment being the allegation that any rights acquired by a defendant named in the original bill, who is alleged to have an option or agreement for the purchase of the said premises, were subject and subsequent to complainants' right of redemption.

On the 25th day of November, 1930, the return day of an order to show cause previously advised, an order was entered in this court restraining the said Johnstons from proceeding upon the levy made upon execution issued thereon, upon the condition that the complainants should give a bond in accordance with the statute, to abide such order as should be made in this cause, or if the bill be dismissed, to pay the amount of said verdict or judgment and costs. On the 25th day of said November, such bond was filed.

On the 23d day of November, 1931, after due notice of the application had been given, an order was entered that the bill be dismissed because the suit had been suffered to lie without substantial prosecution for more than one year.

The Lloyds Casualty Company, the surety on the bond above referred to, files its petition alleging the foreclosure sale, the filing of the bill, the order of restraint, the entering into the bond in the penal sum of $13,000, the order dismissing the bill and alleging that on the 7th day of January, 1932, the Johnstons entered suit upon said bond and on the 26th day of January, 1932, a judgment was entered against the petitioner for the sum of $7,162.61. It further alleged that the said bond was executed by its attorney in fact without authority and that it had no knowledge that it had incurred any liability in this matter by reason of its said bond until the receipt of a letter under date of December 16th, 1931, and that it did not participate in the handling of this cause, nor did it know that the bill of complaint had been dismissed for lack of prosecution until it received said letter of December 16th, 1931; that by letter dated March 14th, 1932, petitioner offered to T. Phillips Brown, solicitor of the defend-

ants, Sampson W. and Eleanor F. Johnston, the full amount of said judgment and costs, together with sums expended for carrying charges, &c., less any credits for rents; that the said T. Phillips Brown refused to accept said sum offered but demanded an additional sum of $2,500 as counsel fee; that petitioner is able and willing to pay such sum as this court may adjudge to be the amount which it should pay in order to secure a conveyance of said premises, and praying first, that an order may be entered vacating the order of November 23d, 1931, entered herein and reinstating the bill of complaint filed herein; second, substituting petitioner as party complainant; third, restraining said defendants from issuing execution or proceeding further with the collection of said judgment.

On March 29th, 1932, the defendants filed affidavits, one by Eleanor F. Johnston and one by Sampson W. Johnston, denying that any tender had been made to them, and one by T. Phillips Brown alleging the judgment against the Lloyds Casualty Company and that the casualty company had refused and neglected to pay the judgment referred to, and that on March 5th, 1932, Riker & Riker, Esquires, delivered to him a draft drawn against the Lloyds Casualty Company and signed by William E. Guerin, adjuster, in the sum of $7,162.61, in full payment of the claim under appeal bond, Sampson W. and Eleanor F. Johnston, assured or obligee, M. E. Hauseman, claimant or principal, claim No. 1145, that upon the presentation of said draft on Monday, March 7th, 1932, it was returned to deponent with the marking "payment refused," and annexed thereto is the order of the circuit court judge, striking out the answer of the defendants and entering judgment interlocutory.

Section 49 of an act concerning mortgages (*3 Comp. Stat. p. 3422; P. L. 1880 p. 256,* as amended, *P. L. 1881 p. 185*) provides: "That if after the foreclosure and sale of any mortgaged premises the person who is entitled to the debt shall recover a judgment in a suit on said bond for any balance of debt, such recovery shall open the foreclosure and sale of said premises, and the person against whom the judg-

ment has been recovered may redeem the property by paying the full amount of money for which the decree was rendered, with interest to be computed from the date of said decree and all costs of proceedings on the bond; provided, that a suit for redemption is brought within six months after the entry of such judgment for the balance of the debt."

The statute is specific that recovery of a judgment for any balance of debt opens the foreclosure and sale and permits the person against whom the judgment is recovered to redeem the property for which the decree was entered, plus other items, provided that a suit for redemption is brought within six months after the entry of such judgment for the balance of the debt. It is unnecessary to cite cases that this act must be strictly construed.

Mr. Justice Scudder, in *Morris* v. *Carter, 46 N. J. Law 260* (at *p. 268*), says:

"The entire scheme and purpose of the act of 1881 is to control the remedies given by law to the obligee and mortgagee, before the enactment of this new law, for the benefit of the obligor and mortgagor in every feature of the statute. This clearly appears in the third section, where the recovery on the bond, after the foreclosure of the mortgage, is made to operate as an opening of the foreclosure sale, and the time given for the redemption of the mortgaged land, to the person against whom the judgment has been recovered. It is intended to make the secondary security which binds only the mortgaged land the primary remedy, instead of the bond which reaches all the personal and real property of the obligor. It says in effect to the mortgagee, make your money out of your mortgage; if you do not, we will put hindrances on the collection of your bond, first, by requiring you to bring your suit thereon in six months after the foreclosure sale, under penalty of losing this security; and if you bring suit on the bond the mortgagor may redeem his land to keep his other property from seizure and sale by payment of the debt he owes at the end of all legal proceedings. The time given for suit on the bond and redemption of the land are mere qualifications and incidents to the main purpose of the

act, and so connected as to be inseparable. The six months' limitation to the action on the bond has no significance unless coupled with the previous sale of the mortgaged lands, and the subsequent right of redemption."

The petitioner charges that its attorney in fact had no authority to execute such bond, and although definitely instructed not to write the same, had done so, and that it had no knowledge that it had incurred any liability until receiving the letter from counsel, above referred to. There is no charge of fraud upon the part of the Johnstons and my attention has not been called to any rights of subrogation which petitioner might have.

Assuredly, this court could make no order which would have the effect of nullifying the conditions of this statute and, in effect, extending the time in which a suit for redemption may be brought. I am not now considering the effect of that portion of the statute which specifically limits the right of redemption to the person against whom the judgment has been recovered.

Finding that the present petitioner has shown no reason why the decree of dismissal for lack of prosecution should be set aside, the order to show cause will be dismissed and the restraint vacated.